# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**
**No. 25-2069V**

| | |
|---|---|
| LAURA MARX,<br><br>Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>Respondent. | Chief Special Master Corcoran<br><br>Filed: August 17, 2026 |

*Nathan Joseph Marchese, Siri & Glimstad, LLP, Chicago, IL, for Petitioner.*

*Nina Ren, U.S. Department of Justice, Washington, DC, for Respondent.*

**RULING ON ENTITLEMENT**[1]

On December 8, 2025, Laura Marx filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that that she suffered a shoulder injury related to vaccine administration ("SIRVA") resulting from an influenza ("flu") vaccine received on August 19, 2023. Petition at 1. Petitioner further alleges that the vaccine was administered in the United States, she experienced residual effects of her condition for more than six months, and neither Petitioner nor any other party has ever filed an action nor resolved or settled a claim for damages against any other party for her vaccine-related injury, nor has Petitioner or any other party ever received compensation in the form of an award or settlement for her vaccine-related injury. Petition at ¶¶ 2, 26-28. The case was assigned to the Special Processing Unit of the Office of Special Masters.

[1] Because this Ruling contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Ruling will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

On August 17, 2026, Respondent filed his Rule 4(c) report in which he concedes that Petitioner is entitled to compensation in this case. Respondent's Rule 4(c) Report at 1. Specifically, Respondent recommends that Petitioner be found entitled to compensation for a Table SIRVA because "Petitioner had no history of pain, inflammation, or dysfunction of her left shoulder prior to vaccination that would explain petitioner's post-vaccination symptoms; shoulder pain occurred within forty-eight hours after receipt of an intramuscular flu vaccination; shoulder pain and reduced ROM were limited to the side in which the vaccine was administered; and no other condition or abnormality has been identified to explain petitioner's shoulder pain." *Id.* at 5. Respondent further agrees that the record demonstrates that Petitioner suffered the residual effects of her condition for more than six months, and has satisfied all requirements for compensation under the Vaccine Act. *Id.*

**In view of Respondent's position and the evidence of record, I find that Petitioner is entitled to compensation.**

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master